IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AGILITI HEALTH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 3:24-CV-00065-K |
| | § | |
| STEWARD HEALTH CARE SYSTEM, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT STEWARD HEALTH CARE SYSTEM, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendant Steward Health Care System LLC ("Steward") submits this answer to Plaintiff

Agiliti Health, Inc.'s ("Agiliti") First Amended Complaint and states as follows:

**NATURE AND DESCRIPTION OF ACTION**

1.      This is a breach of contract action by Agiliti concerning Steward's failure to make lease payments for medical equipment, and for fees owed for maintaining and servicing medical equipment.

**ANSWER:**   This is a summary paragraph for which no response is required. To the

extent a response is required, Steward admits that it owes certain amounts to Agiliti but Steward

denies that its records show the same amount as outstanding and therefore denies the remaining

allegations in this paragraph.

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

**ANSWER:**   This paragraph states a legal conclusion for which no response is required.

Agiliti must establish the Court's subject-matter jurisdiction.

1

3.      Agiliti is a Delaware corporation with its principal place of business in Minnesota.

**ANSWER:**   Steward lacks the information needed to answer the allegations in the paragraph.

4.      Steward is a Delaware limited liability company.

**ANSWER:**   Steward admits that it is a limited liability company organized under Delaware law.

5.      Upon information and belief, Steward's sole member is nonparty Steward Health Care Holdings, LLC ("Steward Holdings").

**ANSWER:**   Steward denies the allegations in this paragraph.

6.      Nonparty Steward Holdings is a Delaware limited liability company.

**ANSWER:**   Steward admits that Steward Holdings is a limited liability company organized under Delaware law.

7.      Upon information and belief, Steward Holdings has seven members, whose states of citizenship are identified in the following paragraphs.

**ANSWER:**   Steward admits that diversity exists but denies the remaining allegations in this paragraph.

8.      Upon information and belief, Michael Callum is a member of nonparty Steward Holdings and a citizen of Massachusetts.

**ANSWER:**   Steward admits that Michael Callum is not a citizen of Minnesota or Delaware and that diversity exists and denies the remaining allegations in this paragraph.

9.      Upon information and belief, Ralph de la Torre is a member of nonparty Steward Holdings and a citizen of Texas.

**ANSWER:**   Steward admits that Dr. Ralph de la Torre is not a citizen of Minnesota or Delaware and that diversity exists and denies the remaining allegations in this paragraph.

10.      Upon information and belief, Octavio Diaz is a member of nonparty Steward Holdings and a citizen of Texas.

**ANSWER:**   Steward admits that Octavio Diaz is not a citizen of Minnesota or Delaware and that diversity exists and denies the remaining allegations in this paragraph.

11.   Upon information and belief, John Donlan is a member of nonparty Steward Holdings and a citizen of Massachusetts.

**ANSWER:**   Steward admits that John Donlan is not a citizen of Minnesota or Delaware and that diversity exists and denies the remaining allegations in this paragraph.

12.   Upon information and belief, Christopher Dunleavy is a member of nonparty Steward Holdings and a citizen of Texas.

**ANSWER:**   Steward admits that Christopher Dunleavy is not a citizen of Minnesota or Delaware and that diversity exists and denies the remaining allegations in this paragraph.

13.   Upon information and belief, Nathalie Hibble is a member of nonparty Steward Holdings and a citizen of Massachusetts.

**ANSWER:**   Steward admits that Nathalie Hibble is not a citizen of Minnesota or Delaware and that diversity exists and denies the remaining allegations in this paragraph.

14.   Upon information and belief, nonparty Medical Properties Trust, Inc. is a member of nonparty Steward Holdings.

**ANSWER:**   Steward admits that Medical Properties Trust, Inc. is not a citizen of Minnesota or Delaware and that diversity exists and denies the remaining allegations in this paragraph.

15.   Nonparty Medical Properties Trust, Inc. is a Maryland corporation with its principal place of business in Alabama.

**ANSWER:**   Steward admits the allegations in this paragraph.

16.   Steward is a physician-owned operator of various hospitals, none of which are located in Delaware or Minnesota.

**ANSWER:**   Steward denies that it is accurately described but admits that it is physician-led and admits the remaining allegations in this paragraph.

3

17.     Upon information and belief, none of Steward's or Steward Holdings' members are citizens of Delaware.

**ANSWER:**     Steward admits the allegations in this paragraph.

18.     Upon information and belief, none of Steward's or Steward Holdings' members are citizens of Minnesota.

**ANSWER:**     Steward admits the allegations in this paragraph.

19.     Personal jurisdiction over Steward is proper because its principal place of business is in Dallas, Texas.

**ANSWER:**     This paragraph states a legal conclusion for which no response is required.

Agiliti must establish the Court's jurisdiction for the claims asserted. To the extent a response is required, Steward admits that its headquarters are in Dallas, Texas.

20.     Venue is proper under 28 U.S.C. § 1391(b) because Steward's principal place of business is in this District.

**ANSWER:**     This paragraph states a legal conclusion for which no response is required.

Agiliti must establish that venue is proper. To the extent a response is required, Steward admits that its headquarters are in Dallas, Texas.

21.     In addition, the events giving rise to this action occurred in this District, including the delivery of medical equipment, and medical equipment maintenance and repair services provided to Steward.

**ANSWER:**     This paragraph states a legal conclusion for which no response is required.

Agiliti must establish that venue is proper. To the extent a response is required, Steward admits that its headquarters are in Dallas, Texas and that it received equipment from Agiliti in Texas.

## FACTUAL BACKGROUND

22.     Agiliti is a lessor of medical equipment and provides medical equipment maintenance and repair services to hospitals.

**ANSWER:**     Steward admits the allegations in this paragraph.

23.     Steward is a general hospital.

4

**ANSWER:**   Steward admits that it is a healthcare company and operates hospitals but denies the allegations in this paragraph.

## The Master Services Agreement

24.   In January 2023, Agiliti entered into a Master Services Agreement (the "MSA") with Steward under which Agiliti agreed to provide equipment safety, maintenance, and repair services. In exchange, Steward agreed to remit monthly payments to Agiliti for the services rendered at an agreed rate.

**ANSWER:**   Steward admits to the allegations in this paragraph.

25.   An authentic copy of the MSA is attached as Exhibit A. All Exhibits referenced in this amended complaint are the same as those referenced in Agiliti's original complaint, see, Doc. No. 1.

**ANSWER:**   Steward admits to entering an MSA with Agiliti. Steward admits that the exhibits in both documents appear to be the same but states that the exhibits speak for themselves and Steward denies the any allegations inconsistent with the exhibits.

26.   Agiliti and Steward amended the MSA twice.

**ANSWER:**   Steward admits to the allegations in this paragraph.

27.   Authentic copies of the amendments are attached as Exhibits B and C.

**ANSWER:**   Steward admits to signing amended MSAs with Agiliti. As to the remaining allegations, Steward admits only that the amendments appear to be correct copies but states that the referenced documents speak for themselves and that it denies any allegations inconsistent with correct copies.

28.   Under the terms of the MSA, as amended, Agiliti provided Steward with medical equipment under lease, and medical equipment maintenance and repair services.

**ANSWER:**   Steward admits that Agiliti leased equipment and services under the MSA. Steward denies any remaining allegations in this paragraph.

## Steward's Alleged Breach of the Agiliti Invoices

29.     Between March 2021 and December 2023, Agiliti issued invoices (the "Agiliti Invoices") to Steward for the price of the medical equipment leased, and equipment repair services performed at Steward's request. An authentic copy of the Agiliti Invoices is attached as Exhibit D.

**ANSWER:**     Steward admits to receiving invoices between March 2021 and December 2023 for medical equipment and services. Steward admits that the referenced documents speak for themselves and denies any allegations inconsistent therewith.

30.     Steward ordered the goods and services identified in the Agiliti Invoices.

**ANSWER:**     Steward admits only that it ordered certain goods and services from Agiliti.

31.     The goods and services identified in the Agiliti Invoices were provided at the location(s) Steward requested.

**ANSWER:**     Steward admits only that it ordered certain goods and services from Agiliti and that Agiliti delivered those goods.

32.     Steward accepted the goods and services identified in the Agiliti Invoices.

**ANSWER:**     Steward admits that it received good and services from Agiliti. Steward denies the remaining allegations as calling for a legal conclusion.

33.     Steward did not pay the price of the Agiliti Invoices.

**ANSWER:**     Steward admits only that it owes Agiliti a portion of money for certain goods and services provided.

34.     Steward received the Agiliti Invoices at or around the time of the invoice dates.

**ANSWER:**     Steward admits to receiving certain invoices from Agiliti at around the time the invoices were issued.

35.     There were no defects or nonconformities in any items listed on the Agiliti Invoices.

**ANSWER:**     This paragraph is a legal conclusion as to the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

36.     Steward has no documents showing there were any defects or nonconformities in any items listed on the Agiliti Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER:**     This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

37.     Steward did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) in writing of any defects or nonconformities in any of the items listed on the Agiliti Invoices before this case was filed.

**ANSWER:**     The paragraph speaks to the legal effect of Steward's communications with Agiliti: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

38.     Steward did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) verbally of any defects or nonconformities in any of the items listed on the Agiliti Invoices before this case was filed.

**ANSWER:**     The paragraph speaks to the legal effect of Steward's communications with Agiliti: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

39.     Steward has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) of any defects or nonconformities in any of the items listed on the Agiliti Invoices before this case was filed.

**ANSWER:**     This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

40.     The goods identified in the Agiliti Invoices are not capable of being returned to Agiliti in substantially the same condition as they were in when they were delivered.

**ANSWER:**     Steward lacks the needed information to respond to the allegations in this paragraph.

41.     Steward had an opportunity to inspect the goods and services identified in the Agiliti Invoices when they were provided.

**ANSWER:**     Whether Steward had an adequate opportunity to inspect goods and services from Agiliti is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

42.     Steward did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) in writing that it was rejecting any of the goods or services identified in the Agiliti Invoices before this case was filed.

**ANSWER:**     Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

43.     Steward did not notify Agiliti (or any of its affiliates, subsidiaries, or employees) verbally that it was rejecting any of the goods or services identified in the Agiliti Invoices before this case was filed.

**ANSWER:**     Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

44.     Steward has no documents showing it notified Agiliti (or any of its affiliates, subsidiaries, or employees) it was rejecting any of the goods or services identified in the Agiliti Invoices before this case was filed.

**ANSWER:**     Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph, speaking to the existence of documents that constitute a rejection of nonconforming goods, is therefore a legal conclusion for which no response is required.

45.     Steward did not object in writing to any of the terms of the Agiliti Invoices before this case was filed.

**ANSWER:**     Steward admits that it did not object in writing to invoices.

46.     Steward did not object verbally to any of the terms of the Agiliti Invoices before this case was filed.

**ANSWER:**     Steward admits that it did not object to certain invoices.

47.     Steward never notified Agiliti (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods and services identified in the Agiliti Invoices before this case was filed.

**ANSWER:**     Whether Steward notified Agiliti of express of implied warranty breaches

is a legal issue to be resolved by reference to the relevant commercial codes through discovery,

motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

48.     Steward never notified Agiliti (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the goods and services identified in the Agiliti Invoices before this case was filed.

**ANSWER:**     Whether Steward notified Agiliti of express of implied warranty breaches

is a legal issue to be resolved by reference to the relevant commercial codes through discovery,

motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

49.     Steward never made any efforts to return any of the goods identified in the Agiliti Invoices to Agiliti (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**     Steward admits that it did not make efforts to return certain goods and that

it owes Agiliti a certain sum for goods and services provided.

50.     Steward has no documents showing it made any efforts to return any of the goods identified in the Agiliti Invoices to Agiliti (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**     Steward admits that it did not make efforts to return certain goods and that

it owes Agiliti a certain sum for goods and services provided.

51.     Steward never denied liability for the amount of the Agiliti Invoices before this case was filed.

**ANSWER:**     Steward admits only that it owes Agiliti a certain sum for goods and services

provided.

52.     Steward has no documents showing it gave Agiliti (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Agiliti Invoices before this case was filed.

**ANSWER:**     This paragraph speaks to the legal effect of Steward's documents: in particular, whether they constitute notice of Agiliti's failure to perform contract obligations. The paragraph is therefore a legal conclusion for which no response is required.

53.     Pursuant to Agiliti's Invoices, payment of $2,835,808.59 was due between April 2021 and December 2023.

**ANSWER:**     Steward states that the invoices are written documents that speak for themselves and denies the allegations in this paragraph to the extent inconsistent therewith.

54.     An authentic copy of Agiliti's statement of account identifying the unpaid balance of the Agiliti Invoices is attached as Exhibit E.

**ANSWER:**     This paragraph speaks to the authenticity of a document and is therefore a legal conclusion for which no response is required. The document speaks for itself and attempts to formerly authenticate it at the pleadings stage are premature.  Answering further, Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

55.     Steward has not paid any of the amounts indicated as being outstanding on the statement of account.

**ANSWER:**     Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

56.     Steward is also still in possession of medical equipment that belongs to Agiliti.

**ANSWER:**     Steward admits the allegations in this paragraph.

57.     Steward is liable to Agiliti in an amount to be determined at trial but in no event less than $2,835,808.59, plus late charges of 18% per annum, together with Agiliti's attorneys' fees and expenses.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

### Steward's Alleged Breach of the Agiliti Surgical Invoices

58.    Between August 2022 and December 2023, Agiliti Surgical, Inc. ("Agiliti Surgical") issued invoices (the "Surgical Invoices") to Steward for the price of medical equipment leased, and equipment repair services performed at Steward's request. An authentic copy of the Surgical Invoices is attached as Exhibit F.

**ANSWER:**    Steward admits to receiving invoices from Agiliti Surgical between August 2022 and December 2023 for medical equipment. The remaining allegations in this paragraph are a legal conclusion for which no response is required. The referenced documents speak for themselves and attempts to formerly authenticate them at the pleadings stage are premature.

59.    Steward ordered the goods and services identified in the Surgical Invoices.

**ANSWER:**    Steward admits to ordering certain goods and services from Agiliti Surgical. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

60.    The goods and services identified in the Surgical Invoices were provided at the location(s) Steward requested.

**ANSWER:**    Steward admits to ordering certain goods and services from Agiliti Surgical that were delivered to the requested locations. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

61.    Steward accepted and used the goods and services identified in the Surgical Invoices.

**ANSWER:**    Steward admits that it received good and services from Agiliti Surgical. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that

its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

62.    Steward did not pay the price of the Surgical Invoices.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

63.    Steward received the Surgical Invoices at or around the time of the invoice dates.

**ANSWER:**    Steward admits to receiving invoices from Agiliti Surgical at around the time the invoices were issued. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

64.    There were no defects or nonconformities in the goods and services identified in the Surgical Invoices.

**ANSWER:**    This paragraph is a legal conclusion as to the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

65.    Steward has no documents showing there were any defects or nonconformities in any items listed on the Surgical Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER:**    This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

66.    Steward did not notify Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) in writing of any defects or nonconformities in any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:** The paragraph speaks to the legal effect of Steward's communications with Agiliti Surgical: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

67. Steward did not notify Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) verbally of any defects or nonconformities in any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:** The paragraph speaks to the legal effect of Steward's communications with Agiliti Surgical: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

68. Steward has no documents showing it notified Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) of any defects or nonconformities in any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:** This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

69. The goods identified in the Surgical Invoices are not capable of being returned to Agiliti Surgical in substantially the same condition as they were in when they were delivered.

**ANSWER:** Steward lacks the needed information to respond to the allegations in this paragraph.

70. Steward had an opportunity to inspect the goods and services identified in the Surgical Invoices when they were provided.

**ANSWER:** Whether Steward had an adequate opportunity to inspect goods and services from Agiliti Surgical is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

71. Steward did not notify Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) in writing that it was rejecting any of the goods and services identified in the Surgical Invoices before this case was filed.

13

**ANSWER:**   Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

72.   Steward did not notify Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) verbally that it was rejecting any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:**   Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

73.   Steward has no documents showing it notified Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) it was rejecting any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:**   Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph, speaking to the existence of documents that constitute a rejection of nonconforming goods, is therefore a legal conclusion for which no response is required.

74.   Steward did not object in writing to any of the terms of the Surgical Invoices before this case was filed.

**ANSWER:**   Steward admits that it did not object to certain invoices. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

75.   Steward did not object verbally to any of the terms of the Surgical Invoices before this case was filed.

**ANSWER:**   Steward admits that it did not object to certain invoices. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

76.     Steward never notified Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:**     Whether Steward notified Agiliti Surgical of express of implied warranty breaches is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

77.     Steward never notified Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the goods and services identified in the Surgical Invoices before this case was filed.

**ANSWER:**     Whether Steward notified Agiliti Surgical of express of implied warranty breaches is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

78.     Steward never made any efforts to return any of the goods identified in the Surgical Invoices to Agiliti Surgical (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**     Steward admits that it did not make efforts to return certain goods.

79.     Steward has no documents showing it made any efforts to return any of the goods identified in the Surgical Invoices to Agiliti Surgical (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**     Steward admits the allegations in this paragraph.

80.     Steward never denied liability for the amount of the Surgical Invoices before this case was filed.

**ANSWER:**     Steward admits that it owes certain amounts to Agiliti and that it does not deny certain invoices but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

81.     Steward has no documents showing it gave Agiliti Surgical (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Surgical Invoices before this case was filed.

**ANSWER:** This paragraph speaks to the legal effect of Steward's documents: in particular, whether they constitute notice of Agiliti Surgical's failure to perform contract obligations. The paragraph is therefore a legal conclusion for which no response is required.

82. Under the Surgical Invoices, payment of $885,063.41 was due between September 2022 and December 2023.

**ANSWER:** Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

83. An authentic copy of Agiliti Surgical's statement of account identifying the unpaid balance of the Surgical Invoices is attached as Exhibit G.

**ANSWER:** This paragraph speaks to the authenticity of a document and is therefore a legal conclusion for which no response is required. The document speaks for itself and attempts to formerly authenticate it at the pleadings stage are premature.  Answering further, Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

84. Steward has not paid any of the amounts listed as being outstanding on the statement of account.

**ANSWER:** Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

85. Steward is liable for payment of the Surgical Invoices in an amount to be determined at trial but in no event less than $885,063.41, plus late charges of 18% per annum, together with attorneys' fees and expenses.

**ANSWER:** Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

**Steward's Alleged Breach of the Agiliti Surgical Equipment Repair Invoices**

86.    Between August 2022 and December 2023, Agiliti Surgical Equipment Repair, Inc. ("Agiliti Repair") issued invoices (the "Repair Invoices") to Steward for the price of the medical equipment leased, and equipment repair services performed at Steward's request. An authentic copy of the Repair Invoices is attached as Exhibit H.

**ANSWER:**    Steward admits to receiving invoices from Agiliti Repair between August 2022 and December 2023 for medical equipment. The remaining allegations in this paragraph are a legal conclusion for which no response is required. The referenced documents speak for themselves and attempts to formerly authenticate them at the pleadings stage are premature.

87.    Each of the Repair Invoices issued by Agiliti Repair includes the following language incorporating its terms and conditions and return policy:

> Services performed by Agiliti [Repair] are governed by the Agiliti Surgical Equipment Repair Terms and Conditions . . . which can be viewed at https://www.agilitihealth.com/resources/forms and are incorporated by reference herein.

**ANSWER:**    The referenced documents speak for themselves. Steward denies any allegations inconsistent with the documents' plain terms.

88.    An authentic copy of Agiliti Repair's terms and conditions downloaded on December 5, 2023, is attached as Exhibit I.

**ANSWER:**    The referenced document speaks for itself. Steward denies any allegations inconsistent with the document's plain terms.

89.    Among other provisions, the Agiliti Repair terms and conditions state that:

- Agiliti [Repair] may charge an additional fee of 1.5% per month (18% per annum) or the maximum rate allowed by law, whichever is less, to late payments. (Ex. I, p. 1, s. 1 "Payment Teims")

- [Steward] will give Agiliti [Repair] written notice of any incorrect charges within 90 days of the Agiliti [Repair] invoice to which the claim relates. After 90 days, the originally invoiced amount will be deemed to be correct. (Ex. I, p. 1, s. 1 "Payment Terms")

- AGILITI [REPAIR] MAKES ABSOLUTELY NO WARRANTIES OF ANY KIND WHATSOEVER, EXPRESS OR IMPLIED, WITH RESPECT TO THE

17

QUALITY, CONDITION OR PERFORMANCE OF EQUIPMENT OR
PATENT INFRINGEMENT, INCLUDING, WITHOUT LIMITATION, ANY
WARRANTY OF MERCHANTABILITY OR FITNESS FOR A
PARTICULAR PURPOSE OR ARISING FROM A COURSE OF DEALING,
LAW, USAGE OR TRADE PRACTICE." (Ex. I, p. 2, s. 7 "Disclaimer of
Warranties and Liability Limitation")

**ANSWER:**    The referenced document speaks for itself. Steward denies any allegations inconsistent with the document's plain terms.

90.    Steward ordered the goods and services identified in the Repair Invoices.

**ANSWER:**    Steward admits to ordering certain goods and services from Agiliti Repair. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

91.    The goods and services identified in the Repair Invoices were delivered to the location(s) Steward requested.

**ANSWER:**    Steward admits to ordering certain goods and services from Agiliti Repair that were delivered to the requested locations. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

92.    Steward accepted and used the goods and services identified in the Repair Invoices.

**ANSWER:**    Steward admits that it received and used certain good and services from Agiliti Repair. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph

93.    Steward did not pay the price of the Repair Invoices.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

94.     Steward received the Repair Invoices at or around the time of the invoice dates.

**ANSWER:**     Steward admits to receiving invoices from Agiliti Repair at around the time the invoices were issued. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

95.     There were no defects or nonconformities relating to the goods and services identified in the Repair Invoices.

**ANSWER:**     This paragraph is a legal conclusion as to the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

96.     Steward has no documents showing there were any defects or nonconformities in any items listed on the Repair Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER:**     This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

97.     Steward did not notify Agiliti Repair (or any of its affiliates, subsidiaries, or employees) in writing of any defects or nonconformities in any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**     The paragraph speaks to the legal effect of Steward's communications with Agiliti Repair: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

98.     Steward did not notify Agiliti Repair (or any of its affiliates, subsidiaries, or employees) verbally of any defects or nonconformities in any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**     The paragraph speaks to the legal effect of Steward's communications with Agiliti Repair: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

99.    Steward has no documents showing it notified Agiliti Repair (or any of its affiliates, subsidiaries, or employees) of any defects or nonconformities in any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**    This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

100.    The goods identified in the Repair Invoices are not capable of being returned to Agiliti Repair in substantially the same condition as they were in when they were delivered.

**ANSWER:**    Steward lacks the needed information to respond to the allegations in this paragraph.

101.    Steward had an opportunity to inspect the goods and services identified in the Repair Invoices when they were provided.

**ANSWER:**    Whether Steward had an adequate opportunity to inspect goods and services from Agiliti Repair is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

102.    Steward did not notify Agiliti Repair (or any of its affiliates, subsidiaries, or employees) in writing that it was rejecting any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**    Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

103.    Steward did not notify Agiliti Repair (or any of its affiliates, subsidiaries, or employees) verbally that it was rejecting any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**    Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

104.    Steward has no documents showing it notified Agiliti Repair (or any of its affiliates, subsidiaries, or employees) it was rejecting any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**    Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph, speaking to the existence of documents that constitute a rejection of nonconforming goods, is therefore a legal conclusion for which no response is required.

105.    Steward did not object in writing to any of the terms of the Repair Invoices before this case was filed.

**ANSWER:**    Steward admits that it did not object to certain invoices.

106.    Steward did not object verbally to any of the terms of the Repair Invoices before this case was filed.

**ANSWER:**    Steward admits that it did not object to certain invoices.

107.    Steward never notified Agiliti Repair (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**    Whether Steward notified Agiliti Repair of express of implied warranty breaches is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

108.    Steward never notified Agiliti Repair (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the goods and services identified in the Repair Invoices before this case was filed.

**ANSWER:**    Whether Steward notified Agiliti Repair of express of implied warranty breaches is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

109.    Steward never made any efforts to return any of the goods identified in the Repair Invoices to Agiliti Repair (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**    Steward admits that it did not make efforts to return certain invoices.

110.    Steward has no documents showing it made any efforts to return any of the goods and services identified in the Repair Invoices to Agiliti Repair (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**    Steward admits the allegations in this paragraph.

111.    Steward never denied liability for the amount of the Repair Invoices before this case was filed.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

112.    Steward has no documents showing it gave Agiliti Repair (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Repair Invoices before this case was filed.

**ANSWER:**    This paragraph speaks to the legal effect of Steward's documents: in particular, whether they constitute notice of Agiliti Repair's failure to perform contract obligations. The paragraph is therefore a legal conclusion for which no response is required.

113.    Pursuant to the Repair Invoices, payment of $453,241.89 was due between September 2022 and December 2023.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

114.    An authentic copy of Agiliti Repair's statement of account identifying the unpaid balance of the Invoices is attached as Exhibit J.

**ANSWER:**    This paragraph speaks to the authenticity of a document and is therefore a legal conclusion for which no response is required. The document speaks for itself and attempts to formerly authenticate it at the pleadings stage are premature.  Answering further, Steward admits

22

that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph

115.    Steward has not paid any of the amounts indicated as being outstanding on the statement of account.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

116.    Steward is liable for payment of the Repair Invoices in an amount to be determined at trial but in no event less than $453,241.89, plus late charges of 18% per annum, together with attorneys' fees and expenses.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

**Steward's Alleged Breach of Sizewise Invoices**

117.    Between March 2021 and November 2023, non-party Sizewise Rentals, LLC ("Sizewise") issued invoices (the "Sizewise Invoices") to Steward for medical equipment leased and repair services performed at Steward's request. An authentic copy of the Sizewise Invoices is attached as Exhibit K.

**ANSWER:**    Steward admits to receiving invoices from Sizewise between March 2021 and November 2023 for medical equipment. The remaining allegations in this paragraph are a legal conclusion for which no response is required. The referenced documents speak for themselves and attempts to formerly authenticate them at the pleadings stage are premature.    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph

118.    Each of the Sizewise Invoices includes the following language incorporating its terms and conditions and return policy:

> Unless otherwise expressly agreed in writing . . . all sales of product
> and services are subject to the Sizewise Rentals, L.L.C. Standard

23

Terms and Conditions of Sale, a copy of which may be obtained by
contacting your local Sizewise representative, calling 800-814-9389
or at www.sizewise.com/legal.

**ANSWER:**   The referenced documents speak for themselves. Steward denies any allegations inconsistent with the documents' plain terms.

119.   An authentic copy of Sizewise's Standard Terms and Conditions of Sale downloaded on November 29, 2023, is attached as Exhibit L.

**ANSWER:**   The referenced documents speak for themselves. Steward denies any allegations inconsistent with the documents' plain terms.

120.   Among other provisions, Sizewise's Standard Terms and Conditions of Sale state:

- An order by [Steward], [Steward]'s receipt of product (purchased or rented), or Sizewise's commencement of Maintenance Services will constitute [Steward]'s acceptance of these Terris and Conditions. (Ex. L, p. 1, s. 1 "General").

- All Charges incurred are the sole responsibility of [Steward]. Unless invoiced separately with different terms, payment is due upon delivery of the product, completion of the Maintenance Services or any other services, as applicable. (Ex. L, p. 2, s. 4 "Prices and Payment")

- If [Steward] fails to pay any Charges or other amounts when due, [Steward] shall pay Sizewise interest thereon at a rate of one and one-half (1.5%) per month (or the highest rate permitted by law) together with all costs and expenses (including without limitation reasonable attorneys' fees and court costs) incurred by Sizewise in collecting such overdue Charges and amounts or otherwise enforcing Sizewise's rights. (Ex. L, p. 2, s. 4 "Prices and Payment")

- Upon receipt and approval of a [Steward] order, including any specific order guide Sizewise requires [Steward] to complete for the ordered product, a shipping/delivery date will be established by Sizewise. Unless otherwise provided on the body of the Sales Quote, (a) all product purchased by [Steward] will be shipped EXW Sizewise's location . . . (Ex. L, p. 1, s. 2 "Delivery/Returns and Risk of Loss")

- [Steward] shall notify Sizewise immediately upon the discovery of any alleged defect by contacting Sizewise Parts and Service. (Ex. L, p. 2, s. 5 "Warranty and Disclaimer of Warranties")

- SIZEWISE ALSO HEREBY DISCLAIMS AND EXCLUDES ALL OTHER OBLIGATIONS OR LIABILITIES . . . WITH RESPECT TO ANY

NONCONFORMANCE OR DEFECT IN ANY PRODUCT OR PART(S), INCLUDING BUT NOT LIMITED TO: (A) ANY OBLIGATION, LIABILITY, RIGHT, CLAIM, OR REMEDY IN TORT, WHETHER OR NOT ARISING FROM THE NEGLIGENCE OF SIZEWISE OR ITS SUPPLIERS . . . ; AND (B) ANY OBLIGATION, LIABILITY, RIGHT, CLAIM, OR REMEDY FOR LOSS OF OR DAMAGE TO ANY PRODUCT OR PART(S). (Ex. L, pp. 3-4, s. 5(d) Limitation of Liability and Disclaimer")

**ANSWER:**    The referenced documents speak for themselves. Steward denies any allegations inconsistent with the documents' plain terms.

121.    Steward ordered the goods and services identified in the Sizewise Invoices.

**ANSWER:**    Steward admits to ordering certain goods and services from Sizewise. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

122.    The goods and services identified in the Sizewise Invoices were delivered to the location(s) Steward requested.

**ANSWER:**    Steward admits to ordering certain goods and services from Sizewise that were delivered to the requested locations. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

123.    Steward accepted the goods and services identified in the Sizewise Invoices.

**ANSWER:**    Steward admits that it received certain good and services from Sizewise. Steward denies the remaining allegations as calling for a legal conclusion.

124.    Steward did not pay the price of the Sizewise Invoices.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

125.    Steward received the Sizewise Invoices at or around the time of the invoice dates.

25

**ANSWER:**     Steward admits to receiving invoices from Sizewise at around the time the invoices were issued. Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

126.     There were no defects or nonconformities relating to the goods and services identified in the Sizewise Invoices.

**ANSWER:**     This paragraph is a legal conclusion as to the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

127.     Steward has no documents showing there were any defects or nonconformities in any items listed on the Sizewise Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

**ANSWER:**     This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

128.     Steward did not notify Sizewise (or any of its affiliates, subsidiaries, or employees) in writing of any defects or nonconformities in any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**     The paragraph speaks to the legal effect of Steward's communications with Sizewise: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

129.     Steward did not notify Sizewise (or any of its affiliates, subsidiaries, or employees) verbally of any defects or nonconformities in any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**     The paragraph speaks to the legal effect of Steward's communications with Sizewise: in particular, whether they conveyed nonconformities as to contract terms. As such, this paragraph is a legal conclusion that requires no response.

130.    Steward has no documents showing it notified Sizewise (or any of its affiliates, subsidiaries, or employees) of any defects or nonconformities in any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**    This paragraph is a legal conclusion as to whether any documents demonstrate the alleged nonconformity of goods and services to contract terms. As such, it requires no response.

131.    The goods identified in the Sizewise Invoices are not capable of being returned in substantially the same condition as they were in when they were delivered.

**ANSWER:**    Steward lacks the needed information to respond to the allegations in this paragraph.

132.    Steward had an opportunity to inspect the goods and services identified in the Sizewise Invoices when they were provided.

**ANSWER:**    Whether Steward had an adequate opportunity to inspect goods and services from Sizewise is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

133.    Steward did not notify Sizewise (or any of its affiliates, subsidiaries, or employees) in writing that it was rejecting any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**    Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

134.    Steward did not notify Sizewise (or any of its affiliates, subsidiaries, or employees) verbally that it was rejecting any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**    Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

135.    Steward has no documents showing it notified Sizewise (or any of its affiliates, subsidiaries, or employees) it was rejecting any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**    Whether Steward rejected nonconforming goods is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph, speaking to the existence of documents that constitute a rejection of nonconforming goods, is therefore a legal conclusion for which no response is required.

136.    Steward did not object in writing to any of the terms of the Sizewise Invoices before this case was filed.

**ANSWER:**    Steward admits that it did not reject certain invoices.

137.    Steward did not object verbally to any of the terms of the Sizewise Invoices before this case was filed.

**ANSWER:**    Steward admits that it did not reject certain invoices.

138.    Steward never notified Sizewise (or any of its affiliates, subsidiaries, or employees) in writing that it had breached any express or implied warranty with respect to any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**    Whether Steward notified Sizewise of express of implied warranty breaches is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

139.    Steward never notified Sizewise (or any of its affiliates, subsidiaries, or employees) verbally that it had breached any express or implied warranty with respect to any of the goods and services identified in the Sizewise Invoices before this case was filed.

**ANSWER:**    Whether Steward notified Sizewise of express of implied warranty breaches is a legal issue to be resolved by reference to the relevant commercial codes through discovery, motions, and trial. This paragraph is therefore a legal conclusion for which no response is required.

140.    Steward never made any efforts to return any of the goods identified in the Sizewise Invoices to Sizewise (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**    Steward admits that it did not make efforts to return certain invoices.

141.    Steward has no documents showing it made any efforts to return any of the goods identified in the Sizewise Invoices to Sizewise (or any of its affiliates, subsidiaries, or employees).

**ANSWER:**    Steward admits that it did not make efforts to return certain invoices.

142.    Steward never denied liability for the amount of the Sizewise Invoices before this case was filed.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

143.    Steward has no documents showing it gave Sizewise (or any of its affiliates, subsidiaries, or employees) notice of any problems with, or objections to, its performance of any of its obligations with respect to the Sizewise Invoices before this case was filed.

**ANSWER:**    This paragraph speaks to the legal effect of Steward's documents: in particular, whether they constitute notice of Sizewise's failure to perform contract obligations. The paragraph is therefore a legal conclusion for which no response is required.

144.    Pursuant to the Sizewise Invoices, payment of $143,120.73 was due between April 2021 and December 2023.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

145.    An authentic copy of Sizewise's statement of account identifying the unpaid balance of the invoices is attached as Exhibit M.

**ANSWER:**    This paragraph speaks to the authenticity of a document and is therefore a legal conclusion for which no response is required. The document speaks for itself and attempts to formerly authenticate it at the pleadings stage are premature.

146.    Steward has not paid any of the amounts indicated as being outstanding on the statement of account.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

147.    Steward is liable for payment of the Sizewise Invoices in an amount to be determined at trial but in no event less than $143,120.73, plus late charges of 18% per annum, together with Sizewise's attorneys' fees and expenses.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

### Alleged Assignment of Rights

148.    On December 28, 2023, Agiliti Surgical, Agiliti Repair, and Sizewise assigned their contractual rights against Steward to Plaintiff, Agiliti Health, Inc.

**ANSWER:**    Steward lacks sufficient information to respond to this paragraph.

149.    Steward is liable for the total of the Agiliti Invoices, Surgical Invoices, Repair Invoices and Sizewise Invoices in an amount to be determined at trial, but in no event less than $4,312,496.49 plus late charges of 18% per annum, together with Agiliti's attorneys' fees and expenses.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

### COUNT I: ALLEGED BREACH OF CONTRACT

150.    Agiliti repeats the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**    Steward incorporates its responses to the preceding paragraphs as if fully set forth herein.

151.    The Agiliti Invoices, Surgical Invoices, Repair Invoices and Sizewise Invoices are valid and enforceable written contracts.

30

**ANSWER:**    This paragraph is a legal conclusion for which no response is required. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

152.    Steward materially breached the terms of the Agiliti Invoices, Surgical Invoices, Repair Invoices and Sizewise Invoices by failing to pay them in full when due.

**ANSWER:**    This paragraph is a legal conclusion for which no response is required. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

153.    Steward is liable for the total of the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices in an amount to be determined at trial, but in no event less than $4,312,496.49 plus late charges of 18% per annum, together with Agiliti's attorneys' fees and expenses.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

## COUNT II: ALLEGED QUANTUM MERUIT

154.    Agiliti repeats each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**    Steward incorporates its responses to the preceding paragraphs as if fully set forth herein.

155.    Agiliti and its assignors provided Steward with the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices in good faith.

**ANSWER:**    This paragraph is a legal conclusion for which no response is required.

156.    Steward accepted and benefitted from the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices, but failed to pay for them.

31

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph. Whether Steward accepted the referenced goods is a legal question to be resolved by reference to the relevant commercial code provisions through discovery, motions, and trial.

157.    Agiliti and its assignors had a reasonable expectation that they would receive payment for the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices.

**ANSWER:**    This paragraph is a legal conclusion for which no response is required. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph

158.    The price of the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices was reasonable and their value and was agreed to by the parties through the invoices.

**ANSWER:**    This paragraph is a legal conclusion for which no response is required. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph

159.    Agiliti is entitled to receive payment for the value of the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices in an amount to be determined at trial, but believed to exceed $4,312,496.49, plus late fees assessed at 18% per annum, and Agiliti's attorney's fees and costs.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

**COUNT III: ALLEGED ACCOUNT STATED**

160.     Agiliti repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**     Steward incorporates its responses to the preceding paragraphs as if fully set forth herein.

161.     Steward expressly agreed to pay the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices by accepting the goods and services identified in the invoices.

**ANSWER:**     This paragraph is a legal conclusion for which no response is required. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

162.     In November 2023, Agiliti sent correspondence to Steward seeking payment of $4,273,871.12, which represented the amount owed.

**ANSWER:**     Steward admits to the allegations in this paragraph.

163.     Agiliti and its assignors sent monthly invoices to Steward for the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices.

**ANSWER:**     Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

164.     Steward failed to reject or object to any of the Agiliti Invoices, Surgical Invoices, Repair Invoices, or Sizewise Invoices.

**ANSWER:**     This paragraph is a legal conclusion for which no response is required. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

165.     Contemporaneous with providing the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices, Agiliti and its assignors submitted a statement of account to Steward for the balance owed.

33

**ANSWER:**     Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

166.    Steward retained the statements of account without objection.

**ANSWER:**     Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

167.    Steward expressly or impliedly acknowledged the correctness of the balance owed for the goods and services identified in the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices.

**ANSWER:**     Steward denies the allegations in this paragraph. Answering further, Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding.

168.    Agiliti and its assignors have stated an account against Steward in the amount of $4,312,496.49, plus late fees assessed at 18% per annum.

**ANSWER:**     Steward admits that it owes certain amounts to Agiliti but Steward denies that its records show the same amount as outstanding and therefore denies the remaining allegations in this paragraph.

## COUNT IV: RIGHT TO POSSESSION OF COLLATERAL

169.    Agiliti repeats and re-alleges each of the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

**ANSWER:**     Steward incorporates its responses to the preceding paragraphs as if fully set forth herein.

170.    The Agiliti Invoices, Surgical Invoices, Repair Invoices and Sizewise Invoices are valid and enforceable written contracts.

**ANSWER:**     This paragraph is a legal conclusion for which no response is required.

171.    Pursuant to Tex. Bus. & Com. Code § 9.609, an event of default permits Agiliti to take possession of its collateral on Steward's property.

**ANSWER:**    This paragraph is a legal conclusion for which no response is required.

172.    Steward is in default of its obligations under the Agiliti Invoices, Surgical Invoices, Repair Invoices, and Sizewise Invoices by failing to make payments when due.

**ANSWER:**    Steward admits that it owes certain amounts to Agiliti but Steward denies

that its records show the same amount as outstanding and therefore denies the remaining

allegations in this paragraph.

173.    Agiliti is entitled, at its election, to take possession of its collateral from Steward, and damages from the failure to pay the Agiliti Invoices, Surgical Invoices, Repair Invoices and Sizewise Invoices.

**ANSWER:**    Steward denies the allegations in this paragraph.

**PRAYER**

Steward denies that Agiliti is entitled to the requested relief.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

Steward asserts the following Affirmative and Other Defenses without admitting the

accuracy of any statement in Plaintiff's Amended Complaint.

1.    Steward asserts the affirmative defense of payment to the extent of any payments

on the amounts claimed by Plaintiff.

*/s/ Thomas G. Yoxall*

**Thomas G. Yoxall**
  State Bar No. 00785304
  tyoxall@lockelord.com
**Nicholas S. Graber**
  State Bar No. 24122918
  nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**COUNSEL FOR DEFENDANT STEWARD
HEALTH CARE SYSTEM, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 9, 2024, I caused this document to be filed with the Court's electronic filing system and set for service on counsel of record.

*/s/   Thomas G. Yoxall*

36