# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| AGILITI HEALTH, INC., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> STEWARD HEALTH CARE SYSTEM § <br> LLC, § <br> § <br> *Defendant*. § | Case No.: 3:24-cv-00065-K |

**JOINT PROPOSAL FOR CONTENTS OF SCHEDULING AND DISCOVERY ORDER**

Pursuant to the Court's February 9, 2024, Order (Dkt. 19), plaintiff Agiliti Health, Inc. ("Agiliti") and defendant Steward Health Care System LLC ("Steward") respectfully submit the following Joint Proposal for Contents of Scheduling and Discovery Order.

As a preliminary matter, the parties are optimistic that a settlement will be concluded by early-April and this report has been prepared from that perspective. Although no formal settlement has been executed, the parties are reconciling the amounts at issue and partial credits exceeding $2 million in value have already been approved as between them.

1. **A brief description of the nature of the case and the claims and defenses.**

   Agiliti and its nonparty subsidiaries leased medical equipment to Steward, and is suing to collect the balance owed for leasing and servicing this equipment.

2. **The identity of any related proceedings.**

   None.

3. **A proposed deadline by which to file motions for leave to join other parties.**

   May 30, 2024.

4. **A proposed deadline by which to amend pleadings.**

   May 30, 2024.

5. **A proposed deadline by which to file various types of motions, including dispositive motions.**

120 days before trial.

6. **A proposed deadline for initial designation of experts.**

The parties do not currently anticipate designating any experts, other than their respective Texas attorneys as experts on attorneys' fees issues. The parties propose August 2, 2024, for this deadline.

7. **A proposed deadline for responsive designations of experts.**

August 9, 2024.

8. **A proposed deadline for objections to experts (i.e., Daubert and similar motions).**

August 16, 2024.

9. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues.**

The parties currently hope to avoid the need for discovery given their work toward resolution of the case. Notwithstanding the foregoing, the parties would expect that 7 months would be needed should discovery be necessary in the case. In that instance, the parties would expect discovery to be complete by the end of October 2024. Discovery would primarily relate to services and goods provided by Plaintiff and payment for same.

10. **Any changes which should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and any other limitations which should be imposed.**

None, except that the parties agree that all depositions may be conducted remotely and no party will object to the use of a deposition on grounds attributable to the fact a deposition was taken remotely.

11. **A proposed trial date as well as an estimated number of days required for trial, and whether a jury has been properly demanded; (The Court operates a three-week docket beginning the first Monday of each month, therefore the parties should propose a trial date accordingly.)**

The parties propose that trial commence on February 6, 2025, and expect that five trial days will suffice. No party has demanded a jury trial.

12. **A proposed date for further settlement negotiations.**

Settlement discussions are ongoing.

**13. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The parties will serve their disclosures under Rule 26(a)(1) on or before April 10, 2024, and no modifications to the timing, form, or requirements for disclosure under Rule 26(a) are proposed.

**14. Whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge (consent attached).**

The parties are agreeable to conducting a non-jury trial before a U.S. Magistrate Judge and will file a consent form if this case is not dismissed by mid-April.

**15. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.)**

The parties are agreeable to conducting private mediation after depositions have been taken.

**16. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

None.

**17. Any other matters relevant to this case.**

None.

Respectfully submitted this 18th day of March 2024.

COWLES & THOMPSON, P.C.

*/s/ Casey S. Erick*

Casey S. Erick
Texas Bar No. 24028564
901 Main Street, Suite 3900
Dallas, TX 75202
Tel.: (214) 672-2138
Fax.: (214) 672-2338
Email: cerick@cowlesthompson.com

– and –

BLAKELEY LC
David M. Mannion
New York Bar No. 4472486
California Bar No. 288627
(Admitted *pro hac vice*)
530 Technology Drive, Suite 100
Irvine, CA 92618
Tel.: (949) 260-0611
Fax.: (949) 260-0613
Email: DMannion@BlakeleyLC.com

**ATTORNEYS FOR PLAINTIFF**

**LOCKE LORD LLP**

*/s/ Thomas G. Yoxall*
Thomas G. Yoxall
Texas Bar No. 00785304
tyoxall@lockelord.com
Nicholas S. Graber
Texas Bar No. 24122918
nick.graber@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2024, I electronically filed the above document using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                                  */s/ David M. Mannion*
                                                  David M. Mannion